WILLIAM BURRIS

*v.*

GEORGE W. JACKSON *et ux.*

CONSTRUCTION OF A LEASE — *as to the length of the term provided for.* A lease baring date on the 22d of May, 1860, provided that the lessee should have certain land, "forty acres of said land being now broken, and the balance of said tillable land, estimated at one hundred and twenty acres, said lessee is to break, this season, if practicable, from which said lessee is to have three crops off of said forty acres, and four crops off the balance of the land he breaks, estimated at one hundred and twenty acres." "The crops taken off of said land, leased as aforesaid, shall be as follows, to wit: From the forty acres now broken, in three years from the 1st day of March, 1860, and from the one hundred and twenty unbroken, in four years from the 1st day of March, 1861, and at the end of said time, or sooner if the number of crops provided for in said lease are had and obtained from said land, the said land to be surrendered to the lessor." *Held,* that the lease terminated on the 1st day of March, 1865. The provision that the unbroken land should be broken in 1860, "if practicable," did not authorize the lessee to occupy such portion as it might not be "practicable" for him to break that season, beyond the four years from the 1st of March, 1861.

APPEAL from the Circuit Court of Bureau county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was an action of forcible detainer commenced before a justice of the peace by George W. Jackson and Henrietta A. Jackson, his wife, in the right of the latter, against William Burris. The cause was removed into the Circuit Court by appeal, where a trial resulted in a verdict and judgment for the plaintiffs. The defendant thereupon appealed to this court.

Mr. J. I. TAYLOR, for the appellant.

Messrs. ECKELS & KYLE, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of forcible detainer commenced before a justice of the peace. A trial was had before the justice of the peace which resulted in a judgment in favor of plaintiffs. The cause was taken to the Circuit Court by appeal, and, upon a trial being had in that court, plaintiffs again recovered, and defendant, to reverse that judgment, brings the case to this court by appeal. The only question presented by this record for our consideration is the true construction of the lease under which appellant entered and occupied the premises. If the lease is as he contends, then the suit was prematurely brought; but, if, as appellants insist, the lease had expired, the action was well brought.

The lease is this:

"This agreement made this 22d day of May, 1860, between James Gwin, of the first part, and William Burris, of the second part, witnesseth, that the said Gwin, in consideration of the covenants on the part of the said Burris, hereinafter contained, doth covenant and agree, to and with the said Burris, to lease said Burris all the tillable land lying and being in said Bureau county and State of Illinois, and being the south one-half of section No. 11, in township 16, range 6 east, forty acres of said land being now broken, and the balance of said tillable land, estimated at 120 acres, said Burris is to break this season, if practicable, from which said Burris is to

have three crops off of said 40 acres, and four crops off the balance of the land he breaks, estimated at 120 acres. The said Burris, in consideration of the above covenants on the part of the said Gwin, doth covenant and agree, to and with the said Gwin, to build a post and three rail fence around the said land when broken. The crops taken off of said land, leased as aforesaid, shall be as follows, to wit: From the 40 acres now broken in three years from the 1st day of March, 1860, and from the 120 unbroken, in four years from the 1st day of March, A. D. 1861, and at the end of said time, or sooner, if the number of said crops provided for in said lease are had and obtained from said land, the said land to be surrendered to said Gwin or his agent. The fences at the termination of said lease to be in good order and repair; said Burris is to pay the taxes on the south-west quarter of said land from the time assessed in 1861, to the termination of this lease; said Burris agrees that he will permit his successor, or the lessee of said land, to prepare the ground for seeding at any time after the crops, provided herein to be received and had, are taken off by said Burris, or his assigns; full possession to be surrendered to said Gwin, his heirs or assigns at the termination of said lease. Witness our hands," etc.

It is agreed, that Henrietta Jackson is the owner of the premises and entitled to all of the rights under the lease that Gwin could have if living. That appellant was and is in possession; that the proper notices to quit were given him before the commencement of the suit; that the lease was properly executed by the parties; that appellant broke about one hundred and twenty acres of the quarter during the summer of 1860; that he run two teams in breaking, and, being a farmer of limited means, this was all he could reasonably break during that season; that he afterward, in 1862, broke the remaining thirty acres, which is the portion in controversy; that he cultivated this thirty acres during the years 1863 and 1864 with the acquiescence of appellees, and paid no rent beyond the breaking.

Appellant expressly covenants, that the crops shall be taken off of the forty acres then broke, in three years from the 1st of March, 1860; and the four crops from the unbroken land within four years from the 1st of March, 1861, and at the end of that time to surrender the land to Gwin, or his agent, or sooner if the crops were sooner obtained. These covenants are clear and unambiguous. Unaffected by other provisions of the lease no person could be at a loss in determining, that the term fully terminated, at the farthest, on the 1st of March, 1865. No other construction could be given to this language, but the doubt sought to be created, arises from the preceding part of the lease. It is recited, that appellant is to break the one hundred and twenty acres during the season of 1860, if practicable, and is to have four crops from the same.

It is contended, that appellant was only bound to break the land if practicable, during the year 1860, and was, at all events, without reference to the time when the land might be broke, to have four crops from that portion; that it was not practicable to break it during that season, and therefore the lease did not expire until he obtained the four crops from that part of the land. When considered in connection with appellant's covenants, the language was, we think, designed to apply to the time when the breaking should be done. It is manifest that both parties intended that this ground should be broken in the summer of 1860, but it is no doubt true that appellant desired to have the provision inserted, that it should only be done if practicable, to avoid all questions of breach of covenant, and forfeiture of the term. Hence it was provided, that this land should be broken during that season if practicable. Even if the word " practicable " does not apply to the crops as well as the breaking, the subsequent covenants of appellant remove all doubt. In their absence, there might be doubt as to which was the true construction; but they are so clear and explicit, that we cannot hesitate to say, that the lease terminated on the 1st of March, 1865. It therefore follows, that the suit was not prematurely brought, and may be maintained. The judgment of the court below is affirmed.     *Judgment affirmed.*