⌐ 22   489|
|140s   15|

## Andrew F. Links
### v.
## Leopold Mayer.

*Confession of Judgment on Warrant in Lease—Unfilled Blanks—Ambiguity—Presumption as to Evidence—Practice.*

Upon appeal from an order denying a motion by the defendant to vacate a judgment by confession entered under and by virtue of a warrant of attorney contained in a lease, it is *held:* That certain unfilled blanks in the warrant of attorney create no such material ambiguity as to affect the validity of the instrument; that, as the judgment appears to have been entered in open court and as there is no bill of exceptions showing the contrary, it will be presumed that all necessary evidence was heard to warrant its entry; and that the defendant can not complain of an order of the court below, denying a motion by which he has not been prejudiced.

[Opinion filed May 18, 1887.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Mr. C. M. Hardy, for appellant.

Mr. L. W. Perce, for appellee.

Bailey, J. This is an appeal from an order of the Superior

Court denying the defendant's motion to vacate a judgment by confession. Said judgment was in forcible detainer, and was entered under and by virtue of a warrant of attorney contained in a lease, the plaintiff being the assignee of the lessor. Said warrant of attorney is as follows:

"And the said party of the second part, do hereby make, constitute and appoint Simon P. Douthart, or any attorney of any court of record,——————true and lawful attorney, irrevocably for himself and in his name, place and stead, to enter appearance in any court of record, or before any Justice of the Peace, at any time after any rent is due upon this lease, or after this lease is determined by default, or otherwise, to waive process and the service thereof, and trial by jury, or otherwise, and confess judgment of guilty of forcible detainer of the above demised premises, or any part thereof, and for costs of suit, in favor of said heirs,—————executors, administrators and assigns, and to release all errors that may occur or intervene in such proceeding, and particularly in the waiving of process and service thereof, and trial by jury, or otherwise, and in the entering up of said judgment, and the issuing of the writ of restitution thereon, and to stipulate that no writ of error or appeal shall be prosecuted from the said judgment nor any bill in equity filed, nor any proceeding of any kind taken, in law or equity, to interfere in any manner with the operation of said judgment or the writ of restitution issued thereon, and to consent that a writ of restitution may be immediately issued upon said judgment."

The lease containing the warrant of attorney was drafted by filling up a printed blank, and by error of the draftsman, two blank spaces were left unfilled as above indicated. It is insisted that, by reason of said blanks, said warrant of attorney is so uncertain as to be void or inoperative. We are of the opinion that such is not the case. The second blank, it is said, leaves it uncertain as to the party in whose favor judgment is authorized to be entered. A consideration of the entire instrument will show, we think, that no such uncertainty really exists. If we take it just as it reads without attempting to fill the blank by any species of intendment, it appears

that the attorney thereby appointed was authorized to confess a judgment of guilty of a forcible detainer of the demised premises in favor of "said heirs, executors, administrators and assigns." As applicable to an assignee of the lessor, there could be no possible ambiguity, were it not for the fact that in the preceding portions of the lease the "heirs, executors, administrators and assigns" of the lessee are mentioned as well as those of the lessor. This, however, can scarcely be said to raise an ambiguity, when the entire scope and intention of the instrument are considered. It manifestly was within the contemplation of the parties to fix by their contract the duties and liabilities of the lessee, not to his own assignees, but to the lessor, and those who, as his representatives, might become entitled to the revision. No one reading the instrument can doubt for a moment that the representatives of the lessor were the parties referred to. Any other interpretation would be an absurdity.

Very much the same may be said of the apparent ambiguity created by the other blank. A fair and natural interpretation of the instrument as it reads is, that it makes, constitutes and appoints Simon P. Douthart, or any other attorney, etc., an attorney in fact of the lessee, and authorizes such attorney to enter the lessee's appearance in any court of record and waive process and confess judgment against him. The only other interpretation possible is that the parties undertook by their lease to constitute Simon P. Douthart, or some other attorney of a court of record, an attorney in fact for himself, and to authorize him, in his own name, place and stead to enter his own appearance in court and confess a judgment, etc. It is scarcely necessary to say that the latter interpretation is so absurd that no one can for a moment adopt it as properly expressing the intention of the parties. We are of the opinion that the blanks in the warrant of attorney create no material ambiguity, and that there is no want of that clearness and explicitness in the language employed which is essential to the validity of the instrument. The following cases may be referred to as supporting the views we have expressed. Sweezey v. Kitchen, 80 Pa. St. 160; Vliet v. Camp, 13 Wis. 198.

We have been inclined to entertain some doubt as to whether a confession of judgment by virtue of a warrant of attorney can properly be entered in an action of tort before suit brought. See Burkham v. Van Saun, 14 Abb. Pr. (N. S.), 163. Confessions of judgment in actions of tort are not within the provisions of our statute, which only applies to cases where there is a debt *bona fide* due, and upon such examination as we have been able to make, we have been unable to discover any common-law authority for such confessions where no action has been commenced. But as this question has not been raised or argued by counsel, we are not disposed to consider it in our decision of this case.

It is argued that the record fails to show that sufficient proof was made of the execution of the lease, or of the attornment of the defendant to the plaintiff as the assignee of the reversion. It is sufficient to say that the judgment appears to have been entered in open court, and as there is no bill of exceptions showing the contrary, it will be presumed that all necessary evidence was heard to warrant the entry of the judgment. The same presumptions will be indulged in to support the judgment in this case as in case of any other judgment of a court of superior jurisdiction. Bush v. Hanson, 70 Ill. 480; Osgood v. Blackmore, 59 Ill. 261.

Complaint is made of the order of the court below denying the defendant's motion to strike from the files a stipulation bearing his signature, by which it was agreed that the appeal to this court should be withdrawn and the order allowing the same vacated and set aside. Said motion was supported by affidavits tending to show that the defendant's signature to said stipulation was obtained, in the absence of his counsel, by false and fraudulent representations. However the stipulation may have been obtained, we can not perceive how the defendant has been prejudiced by the order denying his motion. The stipulation seems never to have been enforced or acted upon. No attempt was made in the court below to have the order allowing the appeal vacated, but the record has been brought to this court, where the plaintiff has joined in error, and the case has been heard upon its merits.

The defendant having thus obtained the full benefit of his appeal, he can not be said to have been in any way affected prejudicially by the stipulation.

We perceive no error in the record and the judgment will therefore be affirmed.

*Judgment affirmed.*