# VIRGINIA B. HOLMES

## v.

# AUGUSTUS A. PARKER.

| 25 | 225 |
|----|-----|
| 61 | 320 |
| 25 | 225 |
| 83 | 462 |
| 25 | 225 |
| 92 | ³439 |

*Confession of Judgment—Warrant of Attorney—Printed Blank—Construction—Surplusage—Motion to Open Judgment—Evidence.*

1. Although the power to confess a judgment must be strictly pursued and be clearly found in the warrant, such instruments are subject to the same rules of construction as other written contracts.

2. When, from a consideration of the entire writing, the real meaning can be ascertained, the insertion of a word or words not intended will not be permitted to defeat the intent of the parties.

3. In ascertaining the intent, the nature and purpose of the contract, or transaction, will generally influence the interpretation, and words which are meaningless or inconsistent with the manifest intent and without which the instrument can be sustained and given effect in accordance with such intent, may be rejected as surplusage.

4. Where printed blanks are used and the written and printed portions are inharmonious, the written parts will be given greater weight than the printed ones in interpreting the instrument.

5. Upon a motion to open a judgment entered by confession on a war-

rant of attorney, it is *held:* That the note and warrant must be construed together; that certain printed words in the warrant, which are inconsistent with the written parts of the note, should be rejected as surplusage; that the defendant properly took judgment on the note, although it was held by him as security for another note upon which he had not exhausted his legal remedies, as it appears that such remedies would have proved unavailing; and that the court below properly refused to open the judgment for a trial on the merits, there being no such conflict of evidence presented by the affidavits as leaves the mind unsatisfied as to the real merits.

[Opinion filed January 18, 1888.]

IN ERROR to the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

In connection with this case see the following case of Holmes v. Bemis.

A judgment by confession was entered in the Superior Court in favor of defendant in error and against plaintiff in error upon a note and warrant of attorney, of which the following is a copy, the words in italics being written in the blanks and the remainder of the instrument being printed:

| |
|---|
| $6,093.75                                             CHICAGO, *Dec. 10th, 1883.* |
| *On demand,* after date, *I* promise to pay to the order of *Ira Holmes,* at *86 Washington street, Six thousand ninety-three 75 | 100* DOLLARS Value received, with interest at eight per cent. per annum (and ten per cent. additional as attorney's fees. Provided, however, that if this note is paid without suit or judgment, then no attorney's fees are to be paid). |
| NOW, THEREFORE, in consideration of the premises, *I* do hereby make, constitute and appoint JONAS HUTCHINSON, or any Attorney of any Court of Record, to be *my* true and lawful attorney irrevocably for *me* and in *my* name. place and stead, to appear in any Court of Record in term time or vacation, in any of the States or Territories of the United States, at *any time before or after* the said note becomes due, to waive the service of process and confess a judgment in favor of the said HOLMES & BRO. or their assigns, upon said Note for the above sum and interest thereon to the day of the entry of the said judgment together with cost and damages, and also said attorney's fees; and also, to file a cognovit for the amount thereof, with an agreement therein that no writ of error or appeal shall be prosecuted upon the judgment entered by virtue hereof, nor any bill in equity filed to interfere in any manner with the operation of said judgment and to release all errors that may intervene in entering up said judgment, or issuing any execution thereon; and also to consent to immediate execution on said judgment; and also to waive all benefit or advantage to which *I* may be entitled by virtue of any homestead or other exemption law, and all laws authorizing the redemption of lands after sale under execution, now or hereafter in force, in this or any State or Territory of the United States, where judgment may be entered by virtue hereof; hereby ratifying and confirming all that               said attorney may do by virtue hereof.     *VIRGINIA B. HOLMES.* |

(margin text: 86 Washington St.  Holmes & Bro., General Brokers,)

The note was indorsed: " Pay Holder & Co. or order.

IRA HOLMES."

Holmes v. Parker.

Plaintiff in error moved the court to vacate said judgment and for leave to plead and have a trial of said cause, which said motion was heard upon affidavits filed by both parties, and was denied. To review the judgment of the court in denying said motion this writ of error is brought.

Messrs. Bisbee, Ahrens & Decker, for plaintiff in error.

The court below should, at least, have let the plaintiff in error into a defense on the merits, the judgment in the meantime being allowed to stand as security until the merits of the case were heard and determined; all proceedings upon it, however, being stayed until the final determination of the suit. Walker v. Ensign, 1 Ill. App. 113; Heeney v. Alcock, 9 Ill. App. 431; Martin v. Stubbings, 20 Ill. App. 381; Lake v. Cook, 15 Ill. 353; Condon v. Besse, 86 Ill. 159.

But in this case the defendant in error certainly was not entitled to judgment at all on the note and warrant of attorney in question, and the court below should have vacated the judgment and have required the defendant in error to pursue the ordinary remedy by action. This warrant of attorney authorized the confession of a judgment on the note only in favor of the persons composing the firm of *Holmes & Bro.*, or *their assigns*, and not in favor of defendant in error. The note was merely an accommodation note, and the judgment entered in favor of *defendant in error* was unauthorized and void under the rule of strict construction of such warrants of attorney, laid down by the decisions of this court and our Supreme Court. Follansbee v. Scottish Am. Mfg. Co., 5 Ill. App. 17; Chase v. Dana, 44 Ill. 262; Tucker v. Gill, 61 Ill. 236; Frye v. Jones, 78 Ill. 627; Keith v. Kellogg, 97 Ill. 147; Campbell v. Goddard, 117 Ill. 251.

Mr. Henry S. Monroe, for defendant in error.

Moran, P. J. The first contention of plaintiff in error is that the warrant of attorney does not authorize the confession of judgment in favor of any person or persons other than "Holmes & Bro. or their assigns;" that defendant in error is

not the assign of Holmes & Bro., for Holmes & Bro. have never indorsed or signed the note.

The note and warrant of attorney used was a printed form, the note and warrant being printed on the same piece of paper, with blanks filled in writing. The name of the payee, place of payment, etc., are written in, but the words, "Holmes & Bro. or their assigns," are printed in the warrant of attorney.

It is very manifest that the note and power of attorney must be read and construed together as one instrument, for the purpose of arriving at the true meaning and intent of the parties between whom they were executed.

While the power to confess a judgment must, as counsel for plaintiff in error contend, be strictly pursued and be clearly found in the warrant purporting to confer it, still, such instruments are subject to the same rules of construction, for the purpose of ascertaining their true sense and carrying out the intent of the parties to them as all other contractual writings which the courts are called on to interpret and enforce. It is a rule of construction that no inaccuracy of language, whether from omitting a word or even a clause plainly meant to be inserted, inserting a word not meant, using the wrong word, or otherwise, will be permitted to defeat the intent, when from a consideration of the entire writing the real meaning can be ascertained.

In ascertaining the intent, the nature and purpose of the contract or transaction will generally influence the interpretation, and words which are meaningless or inconsistent with the manifest intent to be gathered from the whole instrument and without which the instrument can be sustained and given effect in accordance with such intent, may be rejected as surplusage. Bishop on Contracts, Sec. 397-421.

In accordance with these principles, blanks left unfilled in warrants of attorney have been read as filled up with the proper date, and also with the name of the person against whom the judgment was to be confessed in the following cases: Sweeney v. Kitchen, 80 Pa. St. 160; Vleet v. Camp, 18 Wis. 221; Links v. Mayer, 22 Ill. App. 489, opinion filed by this court.

Holmes v. Parker.

In the case now under consideration, the note portion of the instrument is payable to the order of Ira Holmes, while the power of attorney authorizes a confession in favor of Holmes & Bro., or their assigns.    There is a manifest incongruity between the terms of the note and those of the power. Holmes & Bro. are not the payees of the note and could only become legally interested in it as the assigns of Ira Holmes. It is suggested that the plaintiff in error may have had some good reason for desiring that the judgment should be entered in favor of Holmes & Bro., but no reason is stated, and if any existed, which would account for the anomaly, it should have been made to appear.

The natural conclusion is that the warrant of attorney in this, as in all similar cases, was intended to be executed for the use and benefit of the payee of the note or the holder of it by proper transfer from him, and that by inadvertence the printed words "& Bro. or their" were not stricken out of the warrant at the time the instrument was executed.

Where a printed blank is used, the written portions will have greater weight in interpreting the instrument than the printed, where the two portions are inharmonious.    Clark v. Woodruff, 83 N. Y. 523; American Ex. Co. v. Pinckney, 29 Ill. 392.

Printed blanks are generally used upon an assumption that they are appropriate, and little care is taken to see that such formal parts of the instrument match the special provisions written in the blanks, either as to the terms of the agreement or the persons named therein.    Such, we are satisfied, was the case here, and therefore we regard the rule a safe one which will reject from the power of attorney the words "& Bro." and leave it to read "said Holmes" instead of "said Holmes & Bro."    This interpretation seems to be reasonable and natural, and to effectuate the manifest intention of the parties to the instrument, and adopting it, we must conclude that the entry of the judgment was fully authorized by the warrant of attorney.

The remaining question is, did the court err in refusing to open the judgment and let plaintiff in for a trial on the merits.

The defense set up in the affidavits filed in support of the motion to open the judgment, as stated in the affidavit of Ira Holmes, who indorsed and delivered the judgment note in question to the defendant in error, is, that plaintiff in error gave the said judgment note to said Ira Holmes without consideration and for his accommodation; that the said Holmes and one Eames were indebted to defendant in error and gave him their joint note for the amount of such indebtedness, and that said Holmes voluntarily and unsolicited by defendant in error, delivered said judgment note to him upon the express condition that he should hold it as security for the collection of the joint note, but that said judgment note should not be used in any manner until defendant in error had exhausted all legal remedies against said Ira Holmes and Eames for the collection of the joint note; that defendant in error has not exhausted his legal remedies against said Ira Holmes and Eames on said joint note, and has commenced no suit against them, and that said Eames, since the maturity of said joint note, had, and still has, more than sufficient property to pay the full amount of said joint note.

Taking all this as true, it is plain that the claim of the defense rests upon the statement that defendant in error has complied with the condition upon which the note was given, and exhausted his legal remedies against Holmes and Eames. Defendant in error denies that he received the judgment note on any such condition, and gives a detailed account of the time and manner of its delivery to him, which it is unnecessary in the view we take of the case to state here.

He admits said note was given to him as security for the same debt for which he held the joint note of Holmes and Eames, and that he has not instituted suit on said joint note against said Ira Holmes and said Eames "because he has repeatedly been informed by said Holmes and Eames that they had no money and no property, and that if affiant brought suit and recovered judgment he could collect nothing, and that he verily believes that said Ira Holmes has no money, property or assets out of which any material portion of said debt could be made if the same was put in judgment against him.

Holmes v. Parker.

It will be observed that Holmes does not, in his affidavit, pretend that he is solvent or has property out of which an execution could be satisfied, and that in stating Eames' ability he specifies no property, gives no details, but contents himself with the general statement that he has property more than sufficient to pay the note.

The condition that the legal remedies against Ira Holmes and Eames should be exhausted, must have a reasonable construction, and if plaintiff in error desired to rely on such condition as a defense, she was bound to show to the court facts and circumstances from which it would be inferred that she would be injured by defendant in error failing to comply with such condition.   She should have shown that Eames or Ira Holmes either or both had property liable to execution, or that defendant in error could reach by legal process.

If nothing could be got by suing and issuing execution it would be idle and futile to proceed to the formal exhaustion of legal remedies.   Defendant in error swears that he was repeatedly informed by Ira Holmes and by Eames that they had no money and no property, and that if he brought suit he could collect nothing, and that he believes that said Eames has no money, property or assets out of which he could collect.   This being the only really material issue raised by the affidavits we can not say that there is presented any such conflict as leaves the mind unsatisfied as to the real merits.   The defense amounts to no more than a claim that legal remedies should be exhausted where the evidence taken as a whole tends most strongly to show that such remedies would be unavailing.

Such a defense comes very near being purely technical, and certainly presents but meagre merits.   On consideration of the evidence we think the court was right in refusing to open the judgment for a trial of the merits.

The judgment of the Superior Court will therefore be affirmed.

*Judgment affirmed.*