JOHN B. CORBIN, Appellant, v. HUME-SINCLAIR COAL MINING COMPANY, a Corporation, Respondent, No. 41962—237 S. W. (2d) 81.

Division Two, March 12, 1951.

*Lynn M. Ewing* for appellant; *Ewing, Ewing & Ewing* of counsel.

*H. E. Sheppard* and *Lyman J. Bishop* for respondent.

[81] TIPTON, J.—In the circuit court of Bates County, Missouri, the appellant filed his petition, which was in two counts. The first count sought specific performance of a written contract between appellant and respondent for the resale of certain lands described in the contract or, if this was denied, for a declaratory judgment defining the rights of each party under this contract; count two sought recovery of certain taxes paid by appellant through error upon this land which should have been paid by respondent. The trial court sustained respondent's [82] motion to dismiss that part of count one for specific performance for the reason that it failed to state a cause

of action, but overruled that part of the motion to dismiss the declaratory judgment action. The court then heard the evidence and entered a judgment in favor of appellant and against respondent on count two and declared their rights under this contract as prayed for in count one. Appellant duly appealed.

The question before us is whether count one of the petition states facts which would entitle appellant to a decree for specific performance. The petition states that, on April 27, 1945, appellant sold certain lands to respondent and this contract is attached to the petition as exhibit B. The same day they entered into another contract or option whereby respondent agreed to the resale of this same land to appellant and this contract is exhibit A which is attached to the petition. We think a better understanding of the issues in this case will be presented if we set forth exhibit A. It is as follows:

"This agreement made and entered into this 27th day of April, 1945, by and between Hume-Sinclair Coal Mining Company, a Missouri Corporation, first party, and John B. Corbin, second party, witnesseth:

"WHEREAS, the second party has this day contracted to sell and convey to the first party the following real estate in Bates County, Missouri, to-wit: The southeast Quarter of Section 9 and the North Half of the Northeast Quarter of Section 16, Township 38, North, Range 33, West, containing 240 acres, except public highway; and first party expects to operate said land for the purpose of strip mining coal and in connection with its coal mining business; and in consideration of said contract and conveyance it is hereby agreed between the parties that when the first party has completed its operation and use of said land in strip mining and in connection with its business in the same coal field, the second party is hereby given the right and option to repurchase said land from the first party for the price and sum of $2500.00, or to purchase from the first party the remaining mineral rights in said land for the price and sum of $1.00 per acre.

"When the first party is through with the strip mining and use of said land in its mining business in said field it shall notify the second party of said fact and the second party shall exercise one or the other of the options herein given within sixty days from the date of such notice. He can exercise only one of said options. The first party shall not sell said real estate or the mineral rights that are included in this option to any other person without first giving to the second party the right to exercise his option above specified. The notice above provided for shall be given by registered mail addressed to the second party at Hume, Missouri."

Count one alleged the execution of exhibit A and a request by appellant to respondent for performance and then alleged that respondent "is through with the strip mining over said lands; has moved its shovel and other equipment therefrom and has completed the use

of said land in its mining business in said coal field." He further alleged that he had notified respondent of his desire to repurchase the land; had tendered to respondent the agreed repurchase price of $2,500; had requested a conveyance to him of this land but respondent refused to accept the tender and to execute a deed conveying this land to appellant.

Under Section 509.130, R. S. Mo., 1949, "an exhibit to a pleading is a part thereof for all purposes." It may be considered in connection with the averments in the petition in passing upon its sufficiency and whether the petition does in fact state a cause of action. The averments as to the meaning of the contract are not admitted by the motion to dismiss; that is a question for the courts. Facts and not conclusions of law are admitted by the motion to dismiss. Blaine v. Knapp & Co., 140 Mo. 241, 41 S. W. 787; Therrien v. Mercantile-Commerce Bank & Trust Co., 360 Mo. 149, 227 S. W. 2d 708. So, in determining whether count one of the petition before us states a cause of action [83] we must consider exhibit A, the contract of repurchase, as well as the averments of the petition.

The contracts as shown by exhibits A and B show that it was all one deal, a sale by appellant to respondent of the land in question coupled with an agreement or option to resell to appellant this land when respondent "has completed its operation and use of said land in strip mining and in connection with its business in the same coal field." Under these circumstances, of course, there was a valid consideration for the contract shown in exhibit A. This fact is not seriously disputed.

It is appellant's contention that count one does state a cause of action because it states that respondent "is through with the strip mining over said lands; has moved its shovel and other equipment therefrom and has completed the use of said land in its mining business in said coal field." He bases this contention on his interpretation of the contract. He says that under this contract he has a right to exercise his option to repurchase this land for $2,500 when the respondent is through with the strip mining and use of the land in its coal business and in his petition he has alleged that fact; also, that at that time he elected to repurchase this land and that by such election the option became a completed bilateral contract with mutuality of obligations.

On the other hand, respondent contends that this contract is not strictly an option to repurchase but only a pre-emption right to repurchase when respondent is through with the land, and only the respondent has the right to determine this fact, followed by respondent's notifying appellant by registered mail of the fact that he is through with the land.

To support its contention that this exhibit is only a pre-emption right given to appellant, respondent relies on the case of Stein v.

Reising, 359 Mo. 804, 224 S. W. 2d 80, and other similar cases. The lease in the Stein case provided that "lessee will be given first option to purchase property within year lease if in effect at a price of $8,000.00." We held that this was a conditional or preferential option and not an absolute option to purchase the property, that lessor did not absolutely agree to sell the property but if she did decide to sell within the period of the lease she would sell it to the lessee.

Another typical case relied upon by respondent is the case of Blaine v. Knapp & Co., supra. The contract sued on in that case provided:

"The salary herein provided represents the largest amount the management of the Republic believe should be paid anyone for the duties you will be called upon to perform as city advertising solicitor, but if at any time the character of your work, or the extent of increased business you may secure, may fairly justify a change of mind on the part of the conductors of the paper, I take pleasure in agreeing that an increase of one thousand ($1,000) per annum shall be made in your salary." 140 Mo., l. c. 245.

We held in that case that the payment of the additional sum depended upon the character of plaintiff's work or the extent of business he might secure which might fairly justify that increase, of which defendant alone was to be the judge.

The contracts involved in those cases are not similar to the contract before us. The second paragraph of the contract gives an absolute option to appellant to repurchase this land for $2,500 when respondent has completed the strip mining of this land and when it has ceased to use it in connection with its business in the same field. In other words, under this paragraph when these events happen the time has arrived that gives appellant a right to exercise his option if he chooses.

The third paragraph of this contract puts a time limit on the right of appellant to exercise his option after the time has arrived when respondent is through strip mining this land and when respondent is through with this land in its mining business. The effect of this paragraph is that when the time arrives that respondent is through using this land for mining and using it in its mining business in this same field, then it cannot sell it to any other person except appellant, and he must exercise [84] his right to repurchase this land within sixty days after he has received such notice by registered mail. If appellant does not elect to repurchase the land within sixty days after such notice is given him, then respondent is free to sell it to any person it sees fit.

As before stated, appellant's petition alleges that respondent "is through with the strip mining over said lands; * * * and has completed the use of said land in its mining business in said coal field." This is a statement of an ultimate fact and not a legal con-

894

clusion as contended by respondent. Respondent's reason for this contention is that there is no statement in the petition that all coal has been removed. This would require appellant to plead evidence. This contention is without merit. All that is required of appellant is to plead ultimate facts.

Respondent contends that if it be held that the determination as to when it had completed the use of the land was not within its sole discretion, then the contract is not definite as to the time of performance and, therefore, is an insufficient memorandum under the statute of frauds. Section 432.010, R. S. Mo., 1949. At the time the contract was written it was not known just when the land could be reconveyed if appellant chose to repurchase it, so the contract made reference to a definite event which would determine that time. "In such a circumstance, the happening of the event is controlling and may be shown by the evidence (DePauw University v. United Electric Coal Companies, 299 Ill. App. 339, 20 N. E. 2d 146), since the effect of such evidence is not to vary or contradict the terms of the written instrument, but only to identify a part of the subject matter of the agreement in complete consistence with the parties' own expressed intention." Pfeiffenberger v. Scott's Cleaning Co., 144 S. W. 2d 183, l. c. 188. See also Kludt v. Connett, 350 Mo. 793, 168 S. W. 2d 1068. There is no merit in this contention.

Respondent contends that the contract is void because it violates the rule against perpetuities and the rule against restraint on alienation. As previously stated, the court sustained that part of the motion to dismiss which dealt with specific performance but overruled that part of the motion to dismiss addressed to the declaratory judgment prayer. Upon trial of these issues the court entered its declaratory judgment on count one holding, among other things, that the contract was a valid and existing contract. Respondent took no appeal from this judgment. Under these circumstances, this contention is not before us for review.

It follows that the judgment of the trial court should be reversed and the cause remanded. It is so ordered. All concur.