BIDDLE, Appellant, v. VANDEVENTER, Respondent.

1. The rule of construction that deeds must be construed most strongly against those executing them, though applicable to indentures as well as to deeds poll, should not be invoked until all other rules fail ; rules of construction are framed to be used as aids in arriving at the intention of the parties to the instrument to be construed ; this intention, if consistent with the rules of law, must be carried out.

2. A., on the first day of January, 1842, executed in favor of B. a lease of that date; the words of the lease indicating the duration of the term were the following: " To have and to hold the same unto him the said party of the second part, and to his executors, administrators and assigns, for and during the full and complete term of fifteen years from the date of these presents, to be complete and ended on the thirty-first day of December, in the year eighteen hundred and fifty-seven inclusive." *Held*, that the term created by the lease was one for fifteen years and not for sixteen years.

### *Appeal from St. Louis Land Court.*

This was an action of unlawful detainer. The only question for determination is whether a certain lease created a term for fifteen or sixteen years. The only clause of the lease throwing light upon this matter is the habendum clause, which is as follows: " To have and to hold the same unto them, the said parties of the second part, and to their executors, administrators and assigns, for and during the full and complete term of fifteen years from the date of these presents, to be complete and ended on the thirty-first day of December in the year eighteen hundred and fifty-seven inclusive."

The court ruled in effect that this lease created a term for sixteen years and not for fifteen years by ruling that upon the case made in evidence the plaintiff was not entitled to recover, and judgment rendered for defendant.

*Picot* and *Gibson*, for appellant.

I. The rule that a grant is to be taken most strongly against the grantor does not apply to an indenture of lease as this is. (Leon. 246; Shep Touch. 115, top paging; 2 Hill. Abr. 325, § 12; 8 Mod. 312; 4 Cruise, 259, § 17.) The rule to find the intent is to give the most effect to those things about which there is the least liability to misstate. (1 Greenl. Ev. 411; 17 Mass. 210; Jackson v. Loomis, 18 Johns. 87.) *Falsa demonstratio non nocet.* (7 Johns. 223; 4 Wend. 319; 1 Ired. 283; 10 Verm. 180; 13 Mo. 505; Picot v. Page, ante, p. 398.) If both descriptions were equally natural and were repugnant, then the first is to be preferred. (2 Hill. Abr. 324; 4 Leon. 248; Hard. 94; Co.

Litt. 38 ; 2 Ala. 86 ; Shep. Touch. 88.)   The deed of defendant shows a contemporaneous exposition of the case in question.

*E. Bates*, for respondent.

I. The law (classing *unlawful* detainer with forcible entry and detainer) is highly penal, and should be construed strictly in favor of the defendant.   The *willful* holding over is the gist of the offence, and he ought not to be penally liable if it be doubtful on the face of his lease whether or not he held over at all.   He can not be said to hold over *willfully*, if he had reason to believe and did believe that his term was still existing.   But he did not hold over.   The term is not yet expired.   Every lease for years must have a certain beginning and end.   (2 Bl. Comm. 140 ; Co. Litt. 45, 66.) Here, both the beginning and the end are stated, and the erroneous calculation of the number of years between them can not shorten the term expressly declared.   If the words used be in conflict, the grantee shall have the benefit of it. Every grant shall be taken most strongly against the grantor. (2 Bl. Com. 121.)   Calls for known and permanent objects control calls for quantity and for the course and length of lines.   If the words be repugnant, the most certain and specific shall override that which is indeterminate in itself and depends on calculation.

NAPTON, Judge, delivered the opinion of the court.

All the rules which have been established for the construction of deeds have been framed as aids in arriving at the intention of the parties, which, if it be consistent with the rules of law, must be carried out.   If doubts are created by repugnancy or ambiguity in the language, they must be resolved generally against the grantor, because (says Bacon) " he is presumed to have received a valuable consideration for what he parts with."   Cruise says : " The principle of self-interest will make men sufficiently careful not to prejudice themselves by using words of too extensive a meaning ; and all

manner of deceit is hereby avoided in deeds; for people would always affect ambiguous expressions if they were afterwards at liberty to put their own construction on them."

It is said in some treatises that this rule is confined to deeds poll, and does not extend to indentures. The former being executed by the grantor alone, the words used are his and not the words of the grantee, and shall therefore be taken most strongly against him; but in an indenture executed by both parties, the language of the deed is to be considered as the words of both parties. (4 Cruise Dig. p. 295; Touchstone, note, p. 88; Plow. 134; 1 Leon. 246.) This distinction is not noticed by many writers of reputation, and some judges speak of the rule in general terms without qualification, or only limiting it as applying more strongly to deeds poll, but not the less applicable to some extent to both kinds of deeds. (3 Bac. Abr. 393; Jackson v. Blodgett, 16 John. R. 178.) The rule is however, from its strictness and rigor, the last one to be resorted to, and not to be relied on until all other rules fail. (Bac. Abr. 3; Touchstone, p. 88, note.)

It will be apparent, on an inspection of the indenture sued on in this case, that no ambiguity occurs in the language. The difficulty grows out of a repugnancy in the two attempted descriptions of the term. It is first called a term for fifteen years, and then described by its beginning and termination as a term for sixteen years. This is not such a repugnancy as is referred to by law writers when they insist that ambiguities and repugnancies shall never be determined favorably to the grantor. The repugnancies spoken of are such as restrict or destroy the first general words of the grant. (3 Bac. Abr. 393.) The second description of this term does not destroy the first, nor restrict or limit it, but actually enlarges it.

The rule by which this case may be determined is that which authorizes us to disregard a false additional description of the thing granted, where the principal description is true. The only difficulty in the application of this rule is in sometimes determining which is the principal and which the ad-

ditional description. If we perceive which idea predominates and the matter about which there is least liability to mistake, we must adhere to this as the thing granted, and reject the misdescription which follows. Generally and naturally the principal description will precede the subordinate one in a deed, although in the inversions to which our language is occasionally subjected this will not always happen. This rule docs not conflict with another, which allows a grantor, after the use of general terms of grant, to restrict the grant by a particular description, the entire description being in such case reconcilable throughout, and therefore to be followed in all its modifications. (Conolly v. Vernon & Vyn, 5 East, 51.)

What then is the principal or prominent idea in the words of both parties to this lease, and concerning which there was least probability of mistake ? It would seem to be the number of years for which the lease was to run. When parties are in treaty for a lease of the character of the one in question, where buildings were to be erected by the lessee and a ground rent paid, it would be natural for both parties to have prominently in view its duration, whether it was to be for five, ten, fifteen or twenty years. This would be the material thing to be fixed, and it was fixed in this case at fifteen years from the 1st January, 1842 ; but the scrivener for additional description undertook to say when the fifteen years would expire, and declared it would terminate on the 31st December, 1857. Here was a mistake in calculation, and it is quite easy to see how it occurred and why it was overlooked. From January 1st, 1842, to January 1st, 1857, are fifteen years, and so in all probability the calculation was made ; but it occurring to the scrivener or the parties that it would be more proper to make the lease terminate the day before the first of January, 1857, instead of on that day, the change was made from January 1st to December 31st, the day previous, and the corresponding change of the year was neglected. In making a calculation of fifteen years from the 1st January, 1842, especially when the termination of

the fifteen years was to be on a day different from the one at which it commenced, was a matter of caclulation in which the possibility of mistake is obvious enough, but it is not easy to see how the parties could be mistaken as to whether they intended the time to be for fifteen or sixteen years.

There are cases doubtless in which an application of this same rule would tend to apparently different results. Parties might have in contemplation some fixed point of time prominent in their minds, and the calculation of the intervening period be entirely subordinate; as where a time was intended to terminate on a certain distant day, where it was known to both parties that the lessor's interest in the premises ceased, or from some other cause the point of termination was a fixed landmark principally in the minds of the parties. In such cases a mistake in the calculation of the intervening time would be disregarded as the subordinate description of the term, and the fixed landmark be adhered to. But there is nothing to induce a belief in this case that there was any importance attached by either party to the 31st of December, 1847—it was merely named as the day on which the term previously designated would expire; and it was not supposed by either party that that day was sixteen years, instead of fifteen years, from the day of the commencement of the lease.

The other judges concurring, the judgment will be reversed and the cause remanded.