PAUL NINDLE ET AL., PLAINTIFFS IN ERROR, V. THE
STATE BANK OF NEBRASKA, DEFENDANT IN ERROR.

**Landlord and Tenant:** LEASE. K. and N. leased certain prem-
ises for six months from the sixth day of December, 1881, for
$750, to be paid in installments of $125, on the first of each
month. It was stated in the lease that it would terminate May
6th, 1882. *Held,* There was no ambiguity in the lease; that it
ran for six months from December 6th, 1881, and the date May
6th, 1882, as the time of the termination, was an error in com-
putation.

ERROR to the district court for Douglas county, where
the cause had been brought from the county court, and its
judgment affirmed by SAVAGE, J.

C. A. *Baldwin* and *Walter Bennett*, for plaintiff in error.

Parol evidence should have been admitted to explain the
intention of the parties, and the court erred in excluding
that offered. *Leggit v. Buckhalter,* 30 Miss., 421.   2
Leading Cases in Equity, Hare & Wallace Notes, 670.
*Boggs v. Taylor,* 26 Ohio State, 604.   *Painter v. Painter,*
18 Ohio, 265.   *Alger v. Kennedy,* 49 Vermont, 109.   *God-
dard v. Bulon,* 9 American Decisions, 663.

*George E. Pritchett,* for defendant in error.

MAXWELL, J.

The defendant brought an action of forcible detainer
against the plaintiffs in error in the county court of Doug-
las county, where judgment was rendered in its favor,
which was affirmed in the district court.   This is a pro-
ceeding in error to reverse that judgment.

To maintain the action in the county court the defend-
ant introduced in evidence a lease, of which the following
is a copy of all that is material in this case:

"This lease made and entered into this sixth day of December, 1881, by and between the State Bank of Nebraska, a corporation doing business at Omaha, Nebraska, of the first part, and William Krelle, and Paul Nindle, of the second part, witnesseth, that the said party of the first part, in consideration of the rents, covenants, and agreements hereinafter contained, to be paid, kept, and performed by the said parties of the second part, hath devised, leased, and let, and by these presents doth devise, lease, and let unto the said parties of the second part the brick building on the northeast corner of 13th and Farnham streets, in the city of Omaha, Douglas county, Nebraska, and known as No. 1224 Farnham street, for the *term* of six months from the 6th day of December, 1881, which *term* will end on the 6th day of May, 1882. To have and to hold the same unto the said lessee for the *term* aforesaid. And the said Wm. Krelle and Paul Nindle, in consideration of the leasing aforesaid, doth hereby agree to pay as rent for said premises the sum of $750, and to pay the same in monthly installments of $125 each on the first day of each and every month during said term," etc.

There are other provisions in the lease in regard to the lessees holding over the term or failing to comply with the provisions of the lease, to which it is unnecessary to refer.

The attorneys for the plaintiff in error contend that the terms of the lease are ambiguous and uncertain, and therefore parol evidence was necessary to explain and determine its true meaning.

Ambiguity is defined as follows: Duplicity, indistinctness, or uncertainty of meaning of an expression used in a written instrument. 1 Bouv. Law Dict., 117.

In *Goodrich v. McClary*, 3 Neb., 123, it was held that parol evidence was admissible to supply an omission in a written contract which otherwise would be ambiguous and

wholly inexplicable. And in a proper case parol evidence is admissible to explain the terms of a written instrument to render them definite and certain. But is there any uncertainty as to the terms of this lease? The lease is for six months from the sixth day of December, 1881. The whole amount of the rent is stated to be $750, to be paid in monthly installments of $125 each. The term is mentioned three times. This evidently refers to the lease for six months. It was unnecessary to fix the date of the termination of the lease, but when the date thus fixed is clearly inconsistent with the granting clause in the lease it must yield to it. 2 Parsons on Contr. (5th Ed.), 513, and cases cited in note o. In the case at bar it is very clear that the date, May 6th, fixed as the time for the termination of the lease, is an error of computation, and that the lease did not terminate until the sixth day of June, 1882. There is no ambiguity in the lease, and parol evidence was not admissible to change its terms. The plaintiffs therefore, by holding the premises under the lease from May 6, 1882, to the sixth of June, did not enter upon a new lease as tenants from month to month or from year to year. There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.