SIEGEL, COOPER & CO.

*v.*

JOHN A. COLBY *et al.*

*Opinion filed October 24, 1898—Rehearing denied December 14, 1898.*

1. CONTRACTS—*mere inaccuracy of language should not defeat clear intention.* Where there is an obvious mistake on the face of a written instrument, which is corrected by other expressions therein, a court of law has power to construe the instrument according to the evident intent of the parties as manifested by all the language used.

2. ESTOPPEL—*an estoppel, to be binding, must be reciprocal.* An estoppel, to be binding, must be reciprocal and conclude both parties, and there can be no estoppel by representations where both parties are equally in possession of all the facts pertaining to the matter relied on as an estoppel and each acts on his own judgment.

3. SAME—*when lessee is not bound by his construction of lease in answer to the lessor's bill.* A lessee is not bound by his construction of the lease in his answer to the lessor's bill in equity to reform an alleged mistake, though the lessor subsequently dismisses his bill, where the lessor has an equal knowledge with the lessee of all the facts and circumstances, and his action in dismissing the bill is not induced by any representations by or understandings with the lessee.

*Siegel, Cooper & Co.* v. *Colby,* 61 Ill. App. 315, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

A. BINSWANGER, and ELMER E. JACKSON, for appellant.

WILSON, MOORE & McILVAINE, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellant brought suit to recover rent for the month of January, 1891, under a lease of date August 7, 1885. The appellees contend there was no rent due for said month; that the lease expired December 31, 1890, and the premises rented had been surrendered by them at that date,

all rent up to such expiration having been paid. The rent up to December 31, 1890, had been paid, but appellant insists the lease did not expire until December 31, 1891. The question primarily at issue is as to the proper construction of the language of the lease; then, whether the parties have construed it themselves and mutually acted thereon so as to estop them from setting up a different construction.

The lease provided that the lessees were to have and hold the premises from January 1, 1886, until December, 1889, for the consideration of $36,000, payable in monthly installments of $1000 each. Immediately following the above is a provision granting the lessees the privilege of renting said premises for two years from January 1, 1889, by giving twelve months' notice before the expiration of the lease, for which the lessees agree to pay a rental of $24,000, in monthly installments of $1000 each. The lease was to terminate if the building was destroyed or rendered untenantable by fire. On December 8, 1887, the lessees gave notice that they desired to avail themselves of the privilege granted in said lease for renting said premises on the terms provided therein. In pursuance thereof, on December 29, 1887, an agreement signed by the parties was attached to said lease, extending the lease "for the period of two years from December 31, 1889, as provided in and according to the terms and conditions of said lease." On December 31, 1889, the original lessor, Kohn, assigned his interest in the said lease to Siegel, Cooper & Co., who afterwards incorporated under that name. This suit was brought in the name of Kohn, the lessor, for the use of the corporation, but Kohn having died, by agreement the suit proceeded in the name of the usee. Afterwards, Siegel, Cooper & Co. filed their bill in chancery against John A. Colby & Sons, the lessees, alleging a mistake in the lease and the extension, and asking that it be construed and decreed that the extension expired December 31, 1890. An answer was filed admitting a mistake was

made in the lease, but that in the agreement of extension it was understood by the parties that the lease should be considered as running for four years, instead of three years, and that the extension should be for two years after the expiration of such four years, or until December 31, 1891. On November 19, 1890, the bill was dismissed by complainant, and thereafter, on November 24, 1890, Colby & Sons, the lessees, gave Siegel, Cooper & Co. notice that they would surrender up possession of the said premises on December 31, 1890, which they did, but Siegel, Cooper & Co. declined to accept such surrender, claiming they had insisted the lease, by the extension, did not expire until December 31, 1891, and that they would be held for the rent until the expiration of that time. Thereupon this suit at law was brought to the February term, 1891, to recover rent from Colby & Sons for the month of January, 1891.

The circuit and Appellate Courts have held the lease, with the extension, expired December 31, 1890, instead of December 31, 1891, and that, all the rent having been paid up to the former date, the plaintiff could not recover.

It is evident the parties intended a rental of three years from January 1, 1886, which would make the lease expire January 1, 1889, or December 31, 1888, as was intended to be expressed. This is shown by the fact (1) the rent to be paid was $36,000, to be paid in monthly installments of $1000 each, or for thirty-six months; (2) the provision for renewal was for two years from January 1, 1889, which would make the first term run for three years; (3) the lease provided the notice requesting an extension for two years should be signed twelve months before the expiration of the lease, and it was given December 8, 1887, and the extension was made December 29 of that year, which clearly indicates the construction of the parties to the lease; (4) the written assignment of the lease by Kohn, the lessor, to Siegel, Cooper & Co., December 31, 1889, guaranteeing the payment of the rent for the year

1890, shows his interpretation and understanding of the time of its expiration. If the lease had been understood by him or Siegel, Cooper & Co. to have run till December 31, 1891, the guaranty, doubtless, would have covered that year as well.

There is no point of view from which this lease can be examined without reaching the conclusion that the original lease expired December 31, 1888, and as the extension was in accordance with the provisions of the lease it would terminate December 31, 1890. This suit for rent was brought on the lease and the extension as written, claiming, however, in the declaration, that it did not expire until December 31, 1891. The construction above placed on the lease, that it terminated December 31, 1890, ends that controversy.

It is insisted, however, that the defendants are estopped by their declarations verbally, and by their answer to the bill in chancery, from claiming that the lease did expire before December 31, 1891. After plaintiff received the assignment of the lease, it or its representatives, in a conference with some one of the defendants, insisted the lease expired December 31, 1890, while the defendants contended it expired December 31, 1891. As they were not able to agree, plaintiff filed the bill referred to, in order to obtain a decree construing the lease according to its contention, while the defendants in the answer insisted it ran till December 31, 1891. Both parties took just the opposite position from that now occupied. This bill was dismissed with that issue presented, which left the parties in the attitude of opposition on this question. The dismissal was by the complainant, and did not involve mutuality between the parties or acquiescence in defendants' contention. Had the record of dismissal so shown, then there might have been some ground for this position. Before, however, there was any agreement between the parties as to the construction of the lease, the defendants adopted the legal construction heretofore

stated, that it expired December 31, 1890, and gave notice of that fact, and acted upon it by leaving the premises at the expiration of the lease, with all the rent paid up, as is conceded, according to such construction.

There are no complicated questions of law involved in this case. It is well settled that a court of law may, where there is an obvious mistake made on the face of the instrument, which is corrected by other expressions therein, when the whole instrument is considered, construe it according to the evident intent of the parties, as manifested by all the language used. In *Packer* v. *Roberts*, 140 Ill. 9, it is said, in connection with a review of many authorities on this subject: "Inaccuracy of language which results from inserting a word not meant, or using the wrong word, will not be permitted to defeat the intention, when it can be distinctly ascertained."

There is no estoppel, for the reason there is no evidence of *mutuality* in any act or acts that could constitute an estoppel. These parties did not agree about the construction and mutually act thereon. The dismissal of the suit in chancery by complainant would not have been an estoppel to it bringing detainer for possession had defendants continued in possession after December 31, 1890. Any estoppel, to be binding, must be reciprocal and conclude both parties, and generally, when the avenues of information are equally open to both parties, there will be no bar. (Bigelow on Estoppel, p. 47; *Mills* v. *Graves*, 38 Ill. 455.) There is no estoppel by representations where both are equally in possession of all the facts pertaining to the matter relied on as an estoppel, (*Knapp* v. *Jones*, 143 Ill. 375,) or where, with such knowledge, each acts on his own judgment. In Bigelow on Fraud (p. 438) the rule is laid down as follows: "In order to this estoppel (by words or conduct) all of the following elements must, generally speaking, have been present: (1) There must have been a representation concerning material facts; (2) the representation must have been made with a knowl-

edge of the facts; (3) the party to whom it was made must have been ignorant of the truth of the matters; (4) it must have been made with the intention that it should be acted upon; (5) it must have been acted upon." The plaintiff was not ignorant of the truth of the matter, and it did not act upon the representations made or the conduct of the defendants before the defendants adopted the legal and proper construction of the lease.

The judgment is affirmed.          *Judgment affirmed.*