THE PEOPLE *ex rel.* Canal Commissioners, Plaintiffs in Error, *vs.* THE PITTSBURG, FT. WAYNE AND CHICAGO RAILWAY COMPANY *et al.* Defendants in Error.

*Opinion filed February 16, 1910.*

1. PLEADING—*when admission of law is not binding.* An admission of law, made by the defendant in its answer, which was not intended to deceive and which did not deceive or prejudice the complainant or have any influence upon the action of the court, is not binding and may be stricken out.

2. SAME—*parties cannot, by their admissions of law, bind the court to adopt their view.* Parties cannot, by their admissions of law arising out of an undisputed state of facts, bind the court to adopt their view, although if an admission is made through fraud, or if it has induced the opposite party to take a position he would not otherwise have assumed, the party making the admission may be estopped to repudiate it.

3. CANALS—*canal trustees had same power to plat land as the commissioners had.* The canal trustees appointed under the act of 1843 had the same powers and duties with respect to the subdivision of canal lands, and the platting and sale thereof, as were possessed by the canal commissioners.

4. MUNICIPAL CORPORATIONS—*track elevation ordinance does not work a reverter of fee in street.* The Chicago track elevation ordinance, in so far as it affects the elevation of the railroad tracks in Stewart avenue from Thirty-first to Thirty-ninth street, does not amount to such vacation of that portion of Stewart avenue as effects a reverter of the fee to the abutting property owners or the dedicator. (*Weage* v. *C. & W. I. R. R. Co.* 227 Ill. 421, and *People* v. *G. T. W. Ry. Co.* 232 id. 292, adhered to.)

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

WILLIAM RITCHIE, and SAMUEL B. KING, for plaintiffs in error.

LOESCH, SCOFIELD & LOESCH, for defendants in error.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This was a bill filed by plaintiffs in error to enjoin defendants in error from occupying a portion of Stewart avenue, in the city of Chicago, with elevated structures and operating trains thereon, or, in the alternative, to recover the value of the fee in said street. The bill alleged that a portion of the street had been entirely vacated by the municipal authorities of the city of Chicago; that plaintiffs in error were the owners of the fee therein and that it reverted to them upon the vacation of said street.

The land involved in this suit was originally what is known as canal land and belonged to the State, and is a part of section 33, township 39, north, range 14, east of the third principal meridian. The law authorized the canal commissioners, in their discretion, to lay out town lots and plat and sell the same, and they were directed to cause the canal lands in or near Chicago, suitable therefor, to be laid off into town lots. We do not deem it necessary to go into the history of the canal lands and the legislation affecting them, as this has been done in former decisions of this court, the last time in *People* v. *Economy Light and Power Co.* 241 Ill. 290. Under authority of the act of February 21, 1843, the title to the canal lands was by conveyance from the Governor vested in three trustees, to secure the payment of money borrowed for the construction of the canal. Two of these trustees were selected by bondholders and one of them by the Governor. Power was conferred upon the trustees by the act of 1843 to subdivide the canal lands, lay off and plat town lots and sell the same, and their duties and powers in that respect were the same as

those possessed by the canal commissioners. In 1849 the
canal trustees subdivided the whole of said section 33 into
town blocks. At that time the north line of said section
constituted the south boundary of the city of Chicago and
was not within the limits of any incorporated city or vil-
lage. A strip between the blocks, designated on the plat
as sixty-six feet wide and running north and south through
the middle of the section, was left as a street or roadway.
It was bounded on the east and west by blocks through its
entire length. At its north end it connected with a street
of the city of Chicago. What said street was then called
does not appear very clearly, but it was afterwards called,
as is also the land in controversy, Stewart avenue. At the
time section 33 was platted it was in the town of South
Chicago, but, as we have said, was outside the limits of
the city of Chicago. February 13, 1863, the corporate lim-
its of the city of Chicago were extended by act of the leg-
islature to include the whole of said section 33 within the
limits of the city of Chicago. It is alleged in the bill in
this case, and admitted by the answer, that all blocks abut-
ting the land or street in controversy, which will hereafter
be designated as Stewart avenue, were sold by the canal
trustees prior to section 33 becoming a part of the city of
Chicago. In 1853 the Ft. Wayne and Chicago Railroad
Company was incorporated, with authority to construct a
single or double track railroad from the Indiana line into
the city of Chicago, and was authorized to construct said
railroad upon or across any road or highway intersected by
it, and was required to restore such road or highway to
such condition as not to impair its usefulness. Afterwards
this railroad company was consolidated with other railroad
corporations under the name of the Pittsburg, Ft. Wayne
and Chicago Railroad Company. In the year 1858 this
company constructed a line of railroad north and south
along and upon the sixty-six feet of ground now called
Stewart avenue into the city of Chicago to its general

freight and passenger station at Canal and Madison streets. Consent was given the said railroad company by the commissioners of highways of the town of South Chicago to so lay its tracks through section 33. In 1862 the Pittsburg, Ft. Wayne and Chicago Railway Company succeeded to all the right, title and interest in and to the tracks and right of way of the Pittsburg, Ft. Wayne and Chicago Railroad Company. In 1864 said last mentioned railway company, under authority of an ordinance of the city of Chicago authorizing it to lay not exceeding two tracks, with necessary switches, in Stewart avenue, laid an additional track therein. In 1887 an ordinance adopted by the city council of the city of Chicago authorized said railway company to lay two more tracks in Stewart avenue, and to fence its tracks off with a continuous fence running north and south. In consideration of this grant the ordinance required the railway company to procure and pay for the land necessary to widen Stewart avenue thirty-three feet on the east side thereof, and said railway company was required to curb, grade, macadamize and improve the said additional thirty-three feet for a street and to build a walk on said additional thirty-three feet. Thereafter the said avenue was widened and improved at the expense of the railway company. In June, 1900, the city council of the city of Chicago passed a track elevation ordinance, in pursuance of which ordinance the tracks of the Pittsburg, Ft. Wayne and Chicago Railway Company, operated by the Pennsylvania Company as lessee, were elevated on structures built in and along the west sixty-six feet of Stewart avenue. The bill in this case was filed in December, 1904, and alleged that a considerable portion of the work of elevation had been completed at that time. The bill prayed that defendants in error be enjoined from constructing any embankment, wall or other structure in Stewart avenue as it existed prior to February 14, 1888, from the center line of Thirty-ninth street on the south to the center of Thirty-first street on

the north, and from laying any railroad track on any elevated structure over said premises for the operation of cars thereon, and from continuing and maintaining tracks occupying the surface of original Stewart avenue between Thirty-first and Thirty-ninth streets, and that said company. be ordered to remove its tracks from said premises, or, in the event the injunction is not awarded, that defendants in error be decreed to pay plaintiffs in error just compensation and damages, to be ascertained by appropriate proceedings, for the value and the past use and occupancy of the premises claimed by plaintiffs in error.

Two principal questions are argued by counsel for the respective parties to this suit: First, that the ordinance of June, 1900, requiring the elevation of the tracks of defendants in error, was not a vacation of the street in the sense that a reverter of the fee therein resulted to the abutting property owner or to the dedicator; second, that if said ordinance was such vacation of Stewart avenue that there was a reversion therein of the fee in said street, such reversion was to the abutting lot owners and not to the plaintiffs in error, for the reason that at the time section 33 was platted it was not in the corporate limits of any city or village and the space sixty-six feet wide left for a street or roadway was not accepted by public authorities, and before it was annexed to the city of Chicago all the blocks abutting on said street or roadway were sold and conveyed by the canal trustees. Under this state of facts it is contended the purchasers of the abutting property acquired title to the center of the street, and if there was a reversion it would have been to them.

We think either of these grounds a good defense to the cause of action, but as this case cannot be distinguished from *Weage* v. *Chicago and Western Indiana Railroad Co.* 227 Ill. 421, and *People* v. *Grand Trunk Western Railway Co.* 232 id. 292, which are conclusive upon the first ground mentioned, we deem it unnecessary to enter into a discus-

sion upon the other point. /We could not reverse this decree without overruling those cases, which we are not disposed to do. In the *Weage case* the reasons for the decision are given at some length and need not be here repeated. The ordinance considered in that case was substantially identical with the ordinance in this case, and any attempt to enter into a discussion of the grounds upon which we base our decision in this case would be but a repetition of the reasons set forth in the opinion in that case.

The answer of defendants in error admitted that when the embankment upon which they were to lay their tracks had been completed, sixty-six feet in width of Stewart avenue would be legally vacated under the ordinance. After the chancellor had announced his decision in favor of defendants in error, and before decree entered, defendants in error asked leave to amend their answer by striking out said admission. The chancellor denied the leave, and the plaintiffs in error contend that the defendants in error are barred by said admission and cannot be heard now to deny that said street was vacated. The admission was one of law and not of fact. It was not made to deceive, and did not deceive or prejudice, plaintiffs in error. They were not induced by it to do or omit to do anything they would have done or omitted had the admission not been made. The admission had no influence upon the decision of the chancellor, for, notwithstanding the admission, the finding was for the defendant and the bill was dismissed. Parties cannot, by their admissions of law arising out of an undisputed state of facts, bind the court to adopt their view. They may, where the admission was made through fraud or where it induced the opposite party to assume a position he would not have assumed had the admission not been made, estop themselves from afterwards denying it. But such was not the case here. Plaintiffs in error were not prejudiced or in any way deceived or injured by it. They knew the facts upon which the admission was based as well

as defendants in error knew them. The only effect of the admission was advantageous to plaintiffs in error. Under this state of the case neither the parties nor the courts are bound by such admission. *Siegel, Cooper & Co.* v. *Colby,* 176 Ill. 210; *Holcomb* v. *Boynton,* 151 id. 294; Bigelow on Estoppel, (5th ed.) pp. 569-573.

The decree is affirmed.                        *Decree affirmed.*