## The E. R. Stege Brewery, Appellee, v. Joseph O. Kostner, Appellant.

### Gen. No. 23,020.

1. VENDOR AND PURCHASER, § 160*—*when purchaser under contract of sale may procure equitable title.* Before a purchaser under a contract of sale has performed all of the conditions required of him by the contract he does not have even an equitable title to the property.

2. ESTOPPEL, § 38*—*what are requisites of.* An estoppel must be reciprocal and binding on both parties.

3. VENDOR AND PURCHASER—*when purchaser of land is not estopped to claim right of possession as against tenant failing to exercise option of extending lease.* Where a lessee, under a lease giving him an option of extending the same upon giving notice on a certain date, told a prospective purchaser, prior to that date, under a contract of sale of the premises, that he intended to exercise such option, but he did not do so, and thereafter the premises were sold and were acquired by such purchaser, *held* that the purchaser was not estopped to claim the right of possession on a bill by the lessee to restrain the prosecution of a forcible detainer action for possession of the premises on expiration of the lease, nor was any right conferred on such lessee by reason of the lessee having so told the purchaser that he intended to exercise such option.

Interlocutory appeal from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in the Branch Appellate Court. Reversed. Opinion filed February 9, 1917. Rehearing denied February 19, 1917.

MOSES, ROSENTHAL & KENNEDY, for appellant.

SIMEON STRAUS and IRA E. STRAUS, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is an appeal from an interlocutory order restraining appellant from prosecuting a forcible de-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tainer suit for possession of certain real estate and from attempting to assert in any way his claim that appellee's lease therefor expired September 30, 1916

The order was entered on the bill of complaint, the answer and certain affidavits, and appellee attempts to justify it on the ground of equitable estoppel, but we find nothing in the facts averred and relied on that creates one.

The controlling facts, as admitted, are that appellee, the complainant, obtained a lease to the premises from the owner, the McGough estate, for a term beginning September 26, 1911, and terminating September 30, 1916, by the terms of which the lessee was given the option until March 1, 1916, of a five years' extension thereof; that complainant gave the lessor no notice of its purpose to exercise the option until March 7, 1916; that the lessor declined to regard the notice as a sufficient exercise of the option and conveyed the premises May 1, 1916, subject to said lease but without any special reservation of such privilege, to one Rothschild, who, on the same day, executed a ninety-nine year lease therefor to appellant, and later sold him the building thereon; that appellee continued to attorn to said lessor until July, 1916, after which it paid the rent to appellant.

On October 22, 1915, appellant entered into a contract with the lessor to purchase said premises, but never consummated it. The bill avers that prior to March 1, 1916, appellant informed complainant that he had such a contract and asked appellee's president whether it intended to exercise its option to extend the lease and was informed by him that it did so intend. It is mainly upon this particular circumstance that appellee predicates its claim of equitable estoppel. While the answer denies that anything was said between the parties with regard to the exercise of said option, and alleges that appellant merely undertook to

negotiate for appellee's surrender of the premises before May 1, 1916, and is supported by the affidavits, the issues of fact thus raised are immaterial if the bill itself does not set forth facts that create an equitable estoppel.

The bill does not aver that complainant made an agreement of any kind with Kostner or relied on any promise, representation or act of his, fraudulent or otherwise, by reason of which it was misled or was induced not to give notice to the McGough estate before March 1, 1916, of its intention to exercise the option. The mere fact that when complainant learned that Kostner had a contract for the premises it informed him that it intended to exercise the option, created no estoppel against him, and conferred no right upon itself. It was bound to know that before a purchaser under a contract of sale has performed all of the conditions required of him by the contract he does not have even an equitable title to the property (*National Fire Ins. Co. of Hartford v. Three States Lumber Co.,* 217 Ill. 115; *Chappell v. McKnight,* 108 Ill. 570; *Walters v. Walters,* 132 Ill. 474); and that as its right to exercise such option was by virtue of its contract with the lessor, a notice to one who had neither a legal nor an equitable title to the premises and between whom and it there was no privity of contract or relationship, was wholly ineffective. There was nothing in this state of facts that excused complainant's failure to duly notify the lessor of its intention to avail itself of the option.

When, therefore, complainant's claim for equitable relief is reduced to a final analysis, it is not based on being misled or deceived by anything that Kostner said or did but rests solely on its own declaration to him that it intended to do something which in fact it never did and was not prevented by Kostner from doing, namely, exercise its option before March 1, 1916. An estoppel must be reciprocal and binding on both

parties. (*Siegel, Cooper & Co. v. Colby,* 176 Ill. 210.) Here there was no mutuality in anything said or done that is set forth in the bill, and nothing by way of false or fraudulent representation, or otherwise, on which complainant relied or had a right to rely. We fail to find in its averments any of the essential elements of an estoppel.

The restraining order must be reversed.

*Order reversed.*