(75 South. 365)

SARRATT v. ARTHUR. (6 Div. 525.)

(Supreme Court of Alabama. April 26, 1917.)

1. APPEAL AND ERROR ⚖=231(3) —SCOPE OF REVIEW—RECORD—SUFFICIENCY.

Where no particular objection was interposed to evidence, and bill of exceptions disclosed only that defendant objected, and no ruling was made and no exceptions reserved, and the question was not argued in the brief, no question as to the admissibility of the evidence was presented for review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1299; Trial, Cent. Dig. § 196.]

2. LANDLORD AND TENANT ⚖=39—LEASES— CONSTRUCTION—TERM.

A lease "for and during the term of 13 months, to wit, from the 1st day of January, 1914, to the 31st day of March, 1915," creates a term for 15 months; the general phrase denoting the period being incomplete alone, and giving way to the particular period described.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 101–103.]

Appeal from Circuit Court, Jefferson County; E. C. Crow, Judge.

Suit by Mrs. L. B. Arthur against J. I. Sarratt. Judgment for plaintiff, and defendant appeals. Affirmed.

Suit by appellee against the appellant for the recovery of rent claimed to be due for certain business property located in Birmingham, Ala. The trial was had before the court without a jury, resulting in a judgment for plaintiff, from which defendant prosecutes this appeal.

Haley & Haley, of Birmingham, for appellant. Carmichael & Wynn and J. H. Ward, all of Birmingham, for appellee.

GARDNER, J. The plaintiff in the court below (appellee here) claims that defendant was indebted to her for the rent of said business property for the months of February and March, 1915, at the rate of $25 per month, under the terms of a written lease, which is set out in the record. The clause in said lease which gave rise to this litigation has reference to the term of the lease, and is in the following language:

"Party of the first part does hereby rent and lease unto party of the second part the following premises in the city of Birmingham: [Here follows description of the premises] for and during the term of 13 months, to wit, from the 1st day of January, 1914, to the 31st day of March, 1915."

The defendant insisted that the term of the lease expired January 31, 1915, which time would have covered 13 months from January 1, 1914. The contention, on the other hand, is that the term of the lease was, in fact, for 15 months, and that the figures "13" were evidently a typographical error, and that the term of the lease should be construed, from the particular description stated in the lease, to be "from the 1st day of January, 1914, to March 31, 1915."

[1] Evidence was offered, which was without dispute, that at the time said lease was made there was a general custom in Birmingham that the rental periods extended from October 1st of one year to October 1st of the next, and from April 1st of one year to April 1st of the succeeding year. No particular objection was interposed to the introduction of this proof; the bill of exceptions disclosing merely that "the defendant objected." No ruling of the court is shown to have been made, and, of course, no exceptions reserved, and there is presented, therefore, nothing for review as to the admissibility of this evidence, nor is the same argued by counsel for appellant in their brief. As to whether the same was subject to objection is therefore a question that needs no consideration here. See, however, 9th Enc. of Evi. 360; Loval v. Wolf, 179 Ala. 505, 60 South. 298; People's B. & T. Co. v. Walthall, post, p. 122, 75 South. 570.

[2] We are of the conclusion that the court below committed no error in giving judgment for the plaintiff. The duration of the lease, as disclosed by the above quotation, was first described in general terms as "13" months, which was followed by the phrase, "to wit," and appears the more particular description, "from the 1st day of January, 1914, to the 31st day of March, 1915." In the general description it is to be noted that no starting point is given, and the general phrase, "for and during the term of 13 months," is not complete when standing alone. It does not state "for and during the term of 13 months" from any particular date, and to get a starting point it is necessary to proceed further beyond the phrase "to wit," to the particular phrase which is certain in itself; i. e., "from the 1st day of January, 1914, to the 31st day of March, 1915." The general and uncertain phrase, "for and during the term of 13 months," may be stricken out entirely, and we would still have left the particular phrase, which is certain and complete when standing alone. It is to be observed that the lease does not commence on the day it bears date, and the phrase in the particular description is to be looked to as evidencing the starting point. In the recent case of Spears v. Wise, 187 Ala. 346, 65 South. 786, speaking of the phrase "to wit," this court said:

"When not used in pleading for the above purpose, the general meaning of the phrase 'to wit' seems to be: 'To particularize what is too general in the preceding sentence, and render clear and of certain application what might seem otherwise doubtful or obscure; words used to call attention to a more particular specification of what has preceded.'"

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In the case under consideration, the term designated as "13 months," which is a very general description, indefinite and incomplete within itself, and may be rejected as surplusage, is followed by a particular description, that is definite and complete. Under such circumstances, we are of the view that the rule well established, that the particular description will control, is conclusive of the result here. Carter v. Chevalier, 108 Ala. 563, 19 South. 798; Garner v. Morris, 187 Ala. 658, 65 South. 1000. The designation of the number of months in the general description of the term, it will be observed, was by the figures "13," and we are of the opinion that, considering the entire contract, this was but a typographical error in the insertion of a "3" in the place of a "5."

We have examined with care the following authorities relied upon by counsel for appellant: Siegel-Cooper & Co. v. Colby, 176 Ill. 210, 52 N. E. 917; Nindle v. State Bank, 13 Neb. 245, 13 N. W. 275; Biddle v. Vandeventer, 26 Mo. 500. The leases there under consideration contained phrases and terms entirely different from those in the instant case, and do not, in our opinion, militate at all against the conclusion here reached, and we do not deem it necessary to discuss each case separately, stating the differentiating features.

Finding no error in the record, the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.