**BASS et al. v. McKINNEY.**

No. 1082.

Court of Civil Appeals of Texas. Eastland.

April 20, 1933.

Rehearing Denied April 21, 1933.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellants.

Cox & Hayden, of Abilene, for appellee.

HICKMAN, Chief Justice.

On the 24th day of March, 1926, R. B. Compton, as lessor, entered into a contract in writing with McLemore-Bass Drug Company, a partnership, as lessees, of which the following is a copy of all that is material in this case:

"The party of the first part, in consideration of the covenants of the parties of the second part, hereinafter set forth, does by these presents lease to the parties of the second part the following described property, to-wit * * *

"To have and to hold the same to the parties of the second part from the 24 day of March, 1926, to the 31 day of January, 1931. And the parties of the second part, in consideration of the leasing and premises as above set forth, covenant and agree with the party of the first part to pay the party of the first part at Abilene, Texas, as rent for the same, the sum of Thirteen Thousand Eight Hundred Forty Six and 65/100 Dollars, payable as follows, to-wit:

"Two Hundred Forty Six and 65/100 Dollars on April first, 1926, and on the first day of each month thereafter the sum of Two Hundred Dollars during the life of this contract or until the full amount of the lease as stated above has been paid in full."

Shortly thereafter the lessor sold and conveyed the leased premises to appellee, J. A. McKinney, and assigned to him all of his rights under the lease contract. The lessees made the payment of $246.65 on April 1, 1926, and a payment of $200 on the 1st day of each month thereafter up to and including January 1, 1931. On the 31st day of January, 1931, they voluntarily vacated the premises and made no further payments under the contract. The total amount paid by them was $11,646.65, exactly $2,200 less than the total amount of rental stated in the lease. Had they continued to pay $200 on the 1st of each month up to December 1, 1931, they would have paid the exact total amount stated in the lease contract. This suit was instituted by appellee for the recovery of this balance of $2,200, and resulted in a judgment in his favor as prayed for. The defendants below, being the members of the partnership of McLemore-Bass Drug Company, have appealed.

In his original petition upon which he went to trial, appellee declared upon the contract without alleging any ambiguity or mutual mistake in its preparation. He alleged that the lease commenced on the 24th day of March, 1926, and ended in 1931, and that the last installment of $200 was due on December 1, 1931. The suit was filed after this latter date, and it was accordingly alleged that all payments provided in the contract were past due and that eleven of these payments aggregating $2,200 were unpaid.

The appellants in their answer alleged that nothing was due by them under the contract, that the lease expired on January 31, 1931, and that they executed same with the understanding and agreement that it expired on said date. They further alleged that it was not contemplated or agreed between the parties that the sum of $13,846.65 should be paid, but only the sum of the monthly payments up to and including January 1, 1931; the last payment being rent for the month of January, 1931, and that the total amount of $13,846.65 as stated in the lease was the result of a mistake in calculation.

Appellee filed a supplemental petition, in which he denied any mistake in calculation, but alleged that, if there is any mistake in the instrument, same was the mutual mistake of the parties in writing the words "January 31st, 1931," as the expiration date of the lease instead of the words "December 31st, 1931." He alleged that the correct expiration date was properly indorsed on the

reverse side of the written lease, to wit, December 31, 1931, as shown by the instrument itself, and that said indorsement correctly expressed the agreement of the parties made at the time.

A jury was demanded and the case submitted upon one single issue, which will be hereinafter considered. The record does not disclose a request by either party for any issue other than appellants' request for a peremptory instruction. Two controlling questions of law are presented, namely: (1) Did the court err in refusing appellants' request for a peremptory instruction? and (2) Do the pleadings and the verdict support the judgment rendered? We shall consider these questions in their order.

Appellants present that there is an irreconcilable conflict between the provision that the lease terminated on January 31, 1931, and the provision that they were to pay $13,846.65 as rent; that the lease should be construed to mean that it terminated on the 31st day of January, 1931; that the total amount of lease money to be paid under the terms of the lease was the sum of the monthly payments to January, 1931; and that the total sum fixed in the lease is an obvious error in calculation. It is pointed out that the date of expiration was stated in the lease before the amount becoming due thereunder, and should therefore prevail over the figures later stated therein. The question is somewhat novel. Disregarding all oral testimony. and looking to the instrument alone, we think it should be construed as follows: The lease term began on March 24, 1926, and ended on January 31, 1931. The contract so provided, and, in the absence of a showing of mutual mistake or fraud, we would not be authorized to change this provision. The total amount of the rental was $13,846.65. The contract so provided, and, in the absence of a showing of mutual mistake or fraud, we would not be authorized to change this provision. There is no irreconcilable conflict between these two provisions. The rental was for the entire term. The amount of rental per month is not stated. Payments on the total rental were to be made at the rate of $200 per month. Admittedly it is unusual for payments on rent to continue beyond the life of the lease, but that consideration would not authorize us to hold that there was an obvious error as to the amount of the rental. Suppose the total amount of the rental had been stated at a sum less than the sum of the total payments to January, 1931. Appellants would not have been liable to continue the payments each month after they had paid the total amount provided. The same reason applies in a case like the instant one where the total amount to be paid exceeds the sum of the partial payments. Smith v. Blake, 88 Me. 241, 33 A. 992; Nindle

v. State Bank, 13 Neb. 245, 13 N. W. 275. The trial court properly refused to give the peremptory instruction.

It is alternatively contended by appellants that, if they were not entitled to a peremptory instruction, and if, on the face of the contract, the total consideration is not an obvious error, then the contract is doubtful and ambiguous and it devolved upon the appellee to allege and prove the amount due under the lease and the expiration date thereof. It is claimed that the pleadings were insufficient as a declaration upon an ambiguous contract, and that the verdict will not support the judgment. As noted above, appellants pleaded that the agreement between the parties was that the lease should expire on January 31, 1931, as stated therein, and that the total amount of rental to be paid, as stated in the lease, resulted from a mistake in calculation. Appellee in his supplemental petition pleaded that the correct expiration date was indorsed on the reverse side of the lease, that that date was December 31, 1931, and that said indorsement correctly expressed the agreement of the parties made at the time. The evidence was sharply conflicting. In this state of the pleadings and evidence the court submitted one issue to the jury, as follows: "Was it the intention of the parties to the contract in question that the expiration of the lease in question should be the 31st day of January, 1931?" To which the jury answered "No."

Appellants timely excepted to this charge in the following language: "Defendants except to the charge of the court submitting Special Issue No. 1, for the reason that said issue submits to the jury a question of law and for the reason that the construction of the said lease contract is a matter to be determined by the court and the said issue is determinative of no issue tendered by the pleadings."

According to appellants' pleadings and evidence, the parties agreed that the lease should expire January 31, 1931, while, according to appellee's pleadings and evidence, they agreed that it should expire on December 31, 1931. There was no suggestion, either in the pleadings or evidence, of any other expiration date. A determination by the jury that it was not the intention of the parties that the lease should expire on January 31, 1931, is, in effect, a determination that it was their intention that it should expire on December 31, 1931, and that no mistake was made in calculation. It is our view that the issue was authorized by both appellants' and appellee's pleadings. It follows that the judgment finds support in the verdict.

On a former day of this term we released an opinion ordering an affirmance of this case. In the light of appellants' able motion for

rehearing, we concluded that our position should be more definitely stated. Rather than write another opinion on rehearing, it was deemed advisable to withdraw the former opinion and substitute this opinion on rehearing therefor, which is accordingly done.

The motion for rehearing is overruled, and the judgment of the trial court, as heretofore ordered, is affirmed.