## Burns v. Sarkas et al.

*Martin B. Gormley*, for plaintiff.
*Conrad Falvello*, for defendants.

VALENTINE, P. J., March 19, 1947.—This is a motion to continue a preliminary injunction. The controlling facts, which give rise to the controversy, are set forth in written documents between the parties. Plaintiff contracted to purchase from defendant, Sarkas, the business operated by him, together with the equipment contained in a diner located at 44 East Broad Street, Hazleton, and to lease the premises and building in which the business was conducted. Plaintiff paid to defendant $3,000 for the business, and received a bill of sale for the same. Simultaneously therewith, the parties executed a written lease, the effect and construction of which is disputed. The provisions of the lease, essential for the disposition of the motion, are as follows:

"That the said first party, in consideration of the rents and covenants hereinafter mentioned does demise and lease unto said second party, to be used as a diner, the premises situate in the city of Hazleton, county of Luzerne, and State of Pennsylvania, described as follows, to wit:

"Premises situate at 44 East Broad street, Hazleton, Pennsylvania, known as 'Harry's Diner'.

"To have and to hold unto the said second party, subject to the conditions of this agreement, for the term of ten (10) years, beginning on the 5th day of September, 1946, and ending on the 4th day of September, 1951.

"In consideration of which the said second party agrees that he will pay to the said first party for the use of said premises, the sum of fifteen thousand ($15,000) dollars, payable as follows, viz.:

"One hundred twenty-five ($125) per month payable in advance, the first payment to be made on the 5th day of September, 1946, and monthly thereafter on the 5th day of each month, until the expiration of the term."

If the position taken by defendant, viz., that the lease is invalid, and that if reformed it could not be specifically enforced (Vittor et ux. v. Szymanski et ux., 321 Pa. 345) be meritorious, it would seem that the status quo should be maintained until final hearing. The case presents no question of specific performance. Plaintiff is in possession under the lease. The question of reformation of the lease could only be considered upon final hearing, and is not now before us. We are clearly of the opinion that the injunction should be continued until the controversy is finally determined. We are also constrained to the conclusion that the oral testimony should be disregarded, and the case disposed of upon the basis of the written lease alone, and further, that the lease contains no ambiguity and that the term of the same is for 10 years from September 5, 1946.

The duration of a term, when not precisely defined, may be ascertained by a reference to the covenant as to rent, or the amount of rent paid thereunder or other provisions which, when construed together, make the intention and purpose of the parties clear: Knoll v. Jones, 1 Pa. C. C. 485; Harley v. O'Donnell, 9 Pa. C. C. 56; Siegel, Cooper & Co. v. Colby, 176 Ill. 210, 52 N. E. 917; DePauw University v. United Electric Coal Companies, 299 Ill. App. 339, 20 N. E. (2d) 149; Dabney v. Edwards, 5 Cal. (2d) 1, 103 A. L. R. 822. Leases of doubtful duration must be construed favorably to the tenant: McClintock & I. Co. v. Aetna E. Co., 260 Pa. 191. A decision directly in point was rendered by the Supreme Court of Nebraska in Nindle v. State Bank, 13 Neb. 245, 13 N. W. 275. The lease there involved recited that the premises were leased "for the term of six months from the 6th day of December, 1881, which term will end on the 6th day of May, 1882." The rent to be paid was stated to be "$750 . . . in monthly in-

stallments of $125." It was held that the lease ran for six months, from December 6, 1881, and expired June 6, 1882. In this case the court said (p. 247):

"It was unnecessary to fix the date of the termination of the lease, but when the date thus fixed is clearly inconsistent with the granting clause in the lease, it must yield to it. . . . In the case at bar it is very clear that the date, May 6th, fixed as the time for the termination of the lease, is an error of computation, and that the lease did not terminate until the sixth day of June, 1882."

The lease now under consideration contains an obvious mistake in designating the time of its expiration, which may properly be disregarded by the court: Nindle v. State Bank, supra; Siegel, Cooper & Co. v. Colby, supra; 35 C. J. 974, §51. Whether an ambiguity be patent or latent, a court will endeavor to glean the parties' intentions from the whole instrument, and the incidents attendant on its execution: Conservative Realty Co. v. St. Louis Brewing Assn., 133 Mo. App. 261, 113 S. W. 229.

Here the lease designated the term as 10 years from September 5, 1946. The rental stated is $15,000, payable in monthly installments of $125. These provisions clearly indicate that the period of the lease is 10 years. Plaintiff could not operate the business, for which he paid $3,000, without a lease of the premises in which it is conducted.

We conclude, therefore, that the lease adequately expresses the intention of the parties (S. Dep. & T. Co. v. Coal & Coke Co., 234 Pa. 100), and that no parol testimony is necessary in order to reform it, and that there is no proper basis for dispossession proceedings against plaintiff.

Preliminary injunction is continued until final hearing.